UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JEAN ELLYN TUCK, and THE ESTATE OF ROBERT JAMES TUCK<br><br>Plaintiff,<br><br>v.<br><br>CF REAL ESTATE SERVICES,<br><br>Defendant. | Case No.: 21-CV-920-JLS (BLM)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR IMPROPER VENUE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiffs Estate of Jean Ellyn Tuck and Estate of Robert James Tuck's (collectively, "Plaintiffs" or "Plaintiff Estates") Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff Estates, proceeding *pro se*,[1]

---

[1] The Court notes that, pursuant to this District's Local Rules:

> Only natural persons representing their individual interests in propia persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

S.D. Cal. Civ L.R. 83.3(j); *see also Iannaccone v. Law*, 142 F.3d 553, 559 (2nd Cir. 1998) (holding administrator of estate may not appear pro se on behalf of estate); *Jones v. Corr. Med. Servs.*, 401 F.3d 950, 951–52 (8th Cir. 2005) (holding non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate). Sean Matthew Finnegan signed the present application to proceed IFP and listed

appear to allege conversion claims against Defendant CF Real Estate Services. *See generally* "Compl.," ECF No. 1. Having considered carefully Plaintiffs' Complaint, IFP Motion, and the applicable law, the Court **GRANTS** Plaintiffs' IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint.

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiffs have filed an affidavit indicating that they have no income or other assets. *See* Mot. at 1. Plaintiffs report no monthly expenses. *Id.* at 2. Plaintiffs have a $0.00 balance in their bank accounts. *Id.* Given these facts, the Court concludes that Plaintiffs

///

---

himself as "Executor." Mot. at 2. The Ninth Circuit has held that a party's status as trustee does not include the right to present pro se arguments on behalf of a trust unless he is the actual beneficial owner of the claims the trust is asserting. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) ("[A] trust can only be represented by *an attorney* in federal court." (emphasis in original)). Therefore, Mr. Finnegan cannot proceed pro se on behalf of the Plaintiff Estates unless he is the sole beneficial owner of the present claims asserted by the Plaintiff Estates. If Mr. Finnegan elects to file an amended complaint on behalf of the Plaintiff Estates, Mr. Finnegan must adequately demonstrate his "beneficial ownership" of the Plaintiff Estates' claims to continue this action pro se. If Mr. Finnegan is not the beneficial owner of the Plaintiff Estates' claims, in accordance with Civil Local Rule 83.3(j), the Plaintiff Estates must secure counsel to represent them or risk dismissal of this action.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed in forma pauperis. *Id.*

are unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** Plaintiffs' Motion to Proceed IFP.

## II.     Venue

Upon initial review, the Court finds that Plaintiffs' case lacks proper venue.  Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"  28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Plaintiffs allege property was stolen out of events occurring in Atlanta, Georgia, which is located in Fulton County.  *See* Compl. at 4; 28 U.S.C. § 90(a) ("The Northern District [of Georgia] comprises . . . the count[y] of . . . Fulton . . . .")  Moreover, the Defendant is alleged to be incorporated in Georgia, with its principal place of business also in Georgia.  *See* Compl. at 4.  No event or omission giving rise to Plaintiff's claim is alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here.  See 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.").

///

///

Therefore, the Court finds that venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 90(a), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Proceed IFP, (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint sua sponte for improper venue. Plaintiffs **MAY FILE** an amended complaint that sets forth a basis for venue in the Southern District of California within forty-five (45) days of the date on which this Order is electronically docketed. Any amended filing must be complete in itself, without reference to Plaintiffs' original Complaint. Any claim not re-alleged in Plaintiffs' amended complaint will be considered waived. *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Should Plaintiffs fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Such dismissal would be without prejudice to Plaintiffs refiling their claims in the proper venue.

**IT IS SO ORDERED.**

Dated: May 27, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge